IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH WALLACE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-00923-JPG-SCW |
| ) | |
| DSG MISSOURI, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant DSG Missouri, LLC's ("DSG") Partial Motion (Doc. 9) to Dismiss. Plaintiff filed a timely response (Doc. 14) and Defendant filed a reply (Doc. 17). Local Rule 7.1(c)(2) states that reply briefs are not favored and should be filed only in exceptional circumstances. It further requires the party filing the reply to state the exceptional circumstances. Also, Local Rule 7.1(d) states that reply briefs shall not exceed five page. DSG does not provide any exceptional circumstances in its reply brief and the brief exceeds five pages. Therefore, DSG's reply brief (Doc. 17) is **STRICKEN** for failure to comply with Local Rule 7.1(c) & (d).

1. **Background**.

Joseph Wallace was employed by DSG as sales manager at its Ashley Furniture store located in Madison County, Illinois. He alleges that he worked overtime, but "experienced difficulties" in obtaining overtime pay. The Plaintiff filed a complaint with the U.S. Department of Labor based on DSG's failure to pay overtime and when he informed his store manager that he had filed the complaint, the Plaintiff's employment was terminated. Plaintiff was employed by DSG from March 3, 2014 until May 22, 2015.

The Complaint contains one count of retaliatory discharge and one count of intentional infliction of emotional distress. DSG moves to dismiss the count of intentional infliction of emotional distress pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted.

**2. Standard.**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556).

In *Bell Atlantic*, the Supreme Court rejected the more expansive interpretation of Rule 8(a)(2) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *Bell Atlantic*, 550 U.S. at 561–63; *Concentra Health Servs.*, 496 F.3d at 777. Now "it is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to

relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555).

Nevertheless, *Bell Atlantic* did not do away with the liberal federal notice pleading standard. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). A complaint still need not contain detailed factual allegations, *Bell Atl.*, 550 U.S. at 555, and it remains true that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (*emphasis in original*). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*, 550 U.S. at 555. If the factual detail of a complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," it is subject to dismissal. *Airborne Beepers*, 499 F.3d at 667.

3. **Analysis**.

"[T]he Illinois Supreme Court set forth three requirements necessary to demonstrate the intentional infliction of emotional distress: (1) the conduct involved must be truly extreme and outrageous; (2) the actor must either intend that his conduct inflict severe emotional distress, or know that there is at least a high probability that his conduct will cause severe emotional distress and (3) the conduct must in fact cause severe emotional distress. This tort does not require a contemporaneous physical impact or injury. It is clear, however, that 'the tort does not extend to 'mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.'' Instead, the conduct must go beyond all bounds of decency and be considered intolerable in a civilized community. Thus, to serve as a basis for recovery, the defendant's conduct must be such that the

‟recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim[:] Outrageous!'' Whether conduct is extreme and outrageous is judged on an objective standard, based on the facts of the particular case." *Honaker v. Smith*, 256 F.3d 477, 490 (7th Cir. 2001)(*internal citations omitted*.)

The Plaintiff's Complaint alleges that DSG "enjoyed an imbalance of power in the relationship;" failed to pay the Plaintiff overtime wages; and that the Plaintiff was "immediately terminated" when he notified his manager that he had filed a complaint with the Department of Labor.

Plaintiff argues that DSG's position as the Plaintiff's employer is a factor that should weigh heavy in favor of deeming the DSG's conduct as outrageous.  The cases Plaintiff cite pertaining to the degree of power or authority are not employment cases, but rather involve a substantial period in which the individual in power or authority made threats and/or uses the position as an imbalance in bargaining power to an extreme.  In *McGrath v. Fahey*, 126 Ill.2d 78 (1976), the defendant was a financial institution that had control of the plaintiff's monies – including a million dollar CD and several accounts - which the defendant used to extort the plaintiff in a fraud scheme.  In P*ublic Finance v. Davis*, 66 Ill.2d 85 (1976), the defendant was a creditor that harassed the plaintiff daily – to include appearing at her home one or more times a week, numerous telephone calls on a daily basis, and harassing the Plaintiff while she was at a hospital.   There is no indication in the complaint that DSG used it position for any action other than terminating the Plaintiff's employment.

The Plaintiff also argues that, "behavior that otherwise might be consider merely rude, abrasive or inconsiderate may be deemed outrageous if the Defendant knows the Plaintiff is particularly susceptible to emotional turmoil." (Doc. 14, pg. 3, citing *McGrath* at 811-12).  The

Court agrees, but again, there is no factual allegation in the Complaint that suggests the Plaintiff was "particularly susceptible to emotional turmoil" or that the defendant was aware of it.

"The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it." *McGrath v. Fahey,* 126 Ill. 2d 78, 86, 533 N.E.2d 806, 809 (1988). The Court does not believe that the alleged conduct rises to the point of "extreme and outrageous." A reasonable man could be expected to endure the loss of employment – and in today's economy – unemployment is sadly all too common. The Court further believes that an average member of the community would – upon hearing the facts plead in this count – state that the defendant's conduct was unacceptable, but it would not likely to lead him to exclaim, "Outrageous!"

4. **Conclusion**.

As noted above, Defendant's reply brief (Doc. 17) is **STRICKEN** for failure to comply with Local Rule 7.1(c) & (d). The Court finds that Count 2 of Plaintiff's complaint describes the claim of intentional infliction of emotional distress in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, but that it fails to plausibly suggests that the plaintiff has a right to relief above a speculative level as there are no factual allegations that indicate the defendant's conduct rose to the level of "extreme and outrageous."

Therefore, Defendant DSG Missouri, LLC's Partial Motion (Doc. 9) to Dismiss is **GRANTED** and Count II of Plaintiff's Complaint is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

**DATED:** 1/21/2016

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**